UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DIONTE DAUGHERTY** | : | **DOCKET NO. 2:19-cv-0713** |
| **D.O.C. # 630877** | | **SECTION P** |
| **VERSUS** | : | **JUDGE CAIN** |
| **KEITH COOLEY** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Dionte Daughtery. Daughtery is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Allen Correctional Center in Kinder, Louisiana. This matter is before the court on initial review under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, and has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time barred.

**I.**
**BACKGROUND**

Daugherty's petition, exhibits, and the presumptively reliable published jurisprudence of the State of Louisiana show that he was indicted by the grand jury on one charge of attempted second degree murder, a violation of La. R.S. 14:27 and 14:300.1, and one count of home invasion, a violation of La. R.S. 14:62.8, in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, on October 9, 2014. Doc. 1, p. 1; *State v. Daughtery*, 15-400 (La. App. 3 Cir. 10/7/15),

175 So.3d 1164, 1165. A jury unanimously convicted him on both counts, as charged, and he was sentenced on October 14, 2014, to a forty-year term of imprisonment for attempted second degree murder, and ten years for home invasion, sentences to run concurrently. *Id*. Daugherty sought review of his conviction and sentence in the Louisiana Third Circuit Court of Appeal, raising a sole assignment of error, that the trial court failed to sufficiently consider the factors set forth in La. Code Crim.P. art. 894.1 and subsequently imposed an unconstitutionally excessive sentence. *Id*. at 1166; Doc. 1, att. 3, p. 7. The Third Circuit raised an error patent based on the fact that the sentence for home invasion was illegally lenient. *Id*. It reviewed both issues on the merits and on October 7, 2015, denied relief. Daughtery did not seek review in the Louisiana Supreme Court or the United States Supreme Court. Doc. 1, pp. 2-3.

On March 1, 2017, Daughtery filed a pro se application for post-conviction relief in the trial court, raising the follow issues:

1. Was petitioner denied his constitutionally guaranteed right to "effective representation of counsel" under the 6th and 14th Amendments to the U.S. Constitution?

2. Did the trial court err by failing to sequester a state's witness, Sgt. Fondel, despite the defense's motion to sequester being granted and subsequent objection to the court's ruling of this witness being exempt as required by La. C.Cr.P. art. 764?

3. Was petitioner denied the right to a speedy trial after his motion requesting such was granted in open court on November 6, 2013 and trial didn't commence until October 9, 2014, after petitioner had filed a Motion to Quash the Indictment for failure to comply with the court's order for speedy trial?

Doc. 1, att. 13, pp.15-37. The trial court denied relief on October 4, 2017. Doc. 1, att. 3, p. 65. He then sought review in the Third Circuit, which denied same on November 3, 2017, and the Louisiana Supreme Court, which denied same on March 18, 2019. Doc. 1, att. 3, pp. 67-70; *State v. Daugherty*, 265 So.3d 762 (La. 2019).

Daugherty submitted the instant petition for writ of habeas corpus for filing on June 3, 2019. Doc. 1, att. 4. The court uses that date as the effective date of filing under the prison mailbox rule. He renews his claims of ineffective assistance, the trial court's failure to sequester a witness and that denial of a speedy trial violated his constitutional right. Doc 1, att. 2, pp. 1-14.

## II.
## LAW & APPLICATION

### A. *Rule 4 Review*

Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Timeliness*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final, which includes the period for filing certiorari in the United States Supreme Court. *Id.*; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott*, 192 F.3d at 512. However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

Daugherty's conviction and sentence became final on January 5, 2016, when his time for seeking review in the Louisiana Supreme Court had expired. La. C. Cr. P. art. 914.  Thus, the AEDPA filing period began to run on January 5, 2016.  The one-year filing period ran uninterrupted until January 5, 2017, when it expired.  Daugherty had no properly filed state application for post-conviction or other collateral review pending during that time.  In fact, the state court record contains no other filings by Daugherty until he filed an application for post-conviction relief with the state trial court on March 1, 2017, after 421 days accrued against the one-year limitation period.  This pleading, filed after expiration of the AEDPA one-year filing period, provides no tolling benefit under the statute. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

For this reason, Daugherty's federal petition filed by on June 3, 2019, was not timely filed under the AEDPA.

### C. *Equitable Tolling*

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace v. DiGuglielmo,* 125 S. Ct. 1807 (2005); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 121 S. Ct. 1124 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson,* 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1474 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace,* 125 S. Ct. 1807 (2005),; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, 130 S. Ct. 2549 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during

which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin,* 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Daugherty has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling under the § 2244(d) computation. The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling. The record instead reflects that Daugherty was not diligent in pursuing his state court post-conviction remedies in a timely manner. There simply is no basis for equitable tolling in this record.

## III.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DISMISSED WITH PREJUDICE** as time barred.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal

conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 18th day of September, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE