# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **DIONTE DAUGHERTY #630877** | **CASE NO. 2:19-CV-00713 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KEITH COOLEY** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Report and Recommendation [doc. 8] filed by Magistrate Judge Kathleen Kay, relating to the petition for writ of habeas corpus filed under 28 U.S.C. § 2254 by pro se petitioner Dionte Daugherty. As Judge Kay notes, Daugherty's conviction and sentence became final on January 5, 2016, when his time for seeking a writ from the Louisiana Third Circuit Court of Appeal's denial of his direct appeal expired. Daugherty filed his application for post-conviction relief in the trial court on March 1, 2017. **421 days** accrued against the one-year statute of limitations set out under 28 U.S.C. § 2244(d) during that time. The limitations period was tolled until March 18, 2019, when the Louisiana Supreme Court denied review on that application. An additional **78 days** accrued before the instant petition was filed on June 4, 2019, making it untimely by **144 days**. Accordingly, Judge Kay recommended that the petition be dismissed as time-barred.

Daugherty does not object to these calculations. Instead he states that he attempted to file an application for supervisory writ with the Louisiana Supreme Court, but was transferred to a different facility and had entrusted his former facility with mailing the petition. Doc. 11, p. 2. He maintains that, upon his transfer, he wrote to the Louisiana

Supreme Court for a status check of that application and on January 12, 2017, received a response indicating that there was no record of any such thing being filed. *Id.* Accordingly, he argues that he is entitled to equitable tolling of the limitations period.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (internal quotations omitted). The petitioner bears the burden of showing that equitable tolling applies and must demonstrate "rare and exceptional circumstances" justifying relief. *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2001). The doctrine may only be applied to habeas petitioners when they show that they otherwise diligently pursued habeas relief. *Alexander*, 294 F.3d at 629.

The Fifth Circuit has found that petitioners acted diligently in pursuit of their rights even when they waited up to eleven months to inquire about the status of a filing and then delayed only a matter of weeks before filing their federal petitions. *Hardy v. Quarterman*, 577 F.3d 596, 598–99 (5th Cir. 2009); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Conversely, the court has found a lack of diligence where the petitioner delayed several months in inquiring after his state application for post-conviction relief even though he knew it was filed within just a couple of months of the deadline. *Howland v. Quarterman*, 507 F.3d 840, 846 (5th Cir. 2007); *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573 (5th Cir. 2013).

Daugherty does not provide the dates on which he allegedly filed his writ application to the Louisiana Supreme Court or first inquired about that petition. He also fails to account for the 78 delay between denial of his application for post-conviction relief and filing of

the instant petition. The court lacks sufficient information to determine whether Daugherty has acted with sufficient diligence to deserve equitable tolling, and if so, to what length of time that tolling should be applied. Accordingly,

**IT IS ORDERED** that Daugherty submit a memorandum in the next **30 days**, supplementing his objections to the Report and Recommendation and providing:

(1) the approximate date on which he submitted his application for supervisory writs from his direct appeal for mailing;

(2) the date on which he first submitted his inquiry to the Louisiana Supreme Court; and

(3) an explanation of any delays in the above exchanges and between the state court's completion of review on his application for post-conviction relief and the filing of this petition.

After the court has received this information, it will issue a judgment on the pending report and recommendation. Failure to provide the requested information or to adequately explain the above delays will result in adoption of that ruling and dismissal of Daugherty's claims for untimeliness.

**THUS DONE** in Chambers on this 9th day of December, 2019.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**